892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,
Plaintiffs-Appellees,
v.
SKYLAND LEASING, et al., Defendants-Appellants.
 No. 88-1336.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1990.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants, Skyland Leasing, et al., appeal a summary judgment which found them liable for ERISA contributions.
 
 
 2
 Skyland, Inc. was a Michigan trucking company which executed collective bargaining agreements and participation agreements with various local Teamsters' unions. These agreements required that contributions be paid by Skyland, Inc. to the Central States Pension Fund and other pension funds on behalf of Skyland employees who worked pursuant to the collective bargaining agreements. Defendants Kenneth N. Keller and Stephen F. Van Dyke were the sole shareholders of Skyland, Inc. and served the corporation as president and vice-president, respectively. Skyland Leasing Co. is a Michigan partnership, formed by Keller and Van Dyke for tax benefits and improvement of Skyland Inc.'s balance sheet through the shift of Skyland, Inc.'s assets to Skyland Leasing, Co. The Leasing partnership leased trucks to Skyland, Inc. for Skyland, Inc.'s trucking business.
 
 
 3
 In the fall of 1980, Keller signed a collective bargaining agreement with the Teamsters on behalf of Skyland, Inc., but in the name of Skyland Leasing Co. It was disputed whether Keller had authority to bind the leasing company, but it is undisputed that he had authority to bind Skyland, Inc. The Federal Employment Identification Number on the agreements is that of Skyland, Inc., not Skyland Leasing Co.
 
 
 4
 On March 19, 1982, Skyland, Inc. filed for Chapter 11 bankruptcy. Their attorney wrote the Central States Pension Fund notifying the Funds of the bankruptcy and requesting a statement of the amount payable to the Funds if Skyland, Inc. were to withdraw from them. He followed this letter with another which stated that Skyland, Inc. calculated its withdrawal liability at $21,000. The Funds responded that they calculated the liability of "Skyland, Incorporated a/k/a Skyland Leasing" at $339,934.73.
 
 
 5
 During the correspondence between Skyland, Inc.'s attorney and the Funds, Skyland, Inc. received a May 13, 1982 notice that the Funds were aware that Skyland, Inc. had ceased to make contributions and that this cessation constituted a withdrawal. On April 7, 1983, a "Notice and Demand for Payment of Withdrawal Liability" was sent to Skyland Leasing, not to Skyland, Inc., listing one account number only. The notice demanded $343,170.98 in withdrawal liability from Skyland Leasing. Enclosed with the demand were a billing statement, a minimum payment schedule, a worksheet, and a document entitled "Rules and Regulations Pertaining to Employer Withdrawal Liability".
 
 
 6
 Keller responded to the April 7, 1983 letter, stating that Skyland Leasing was not an employer under ERISA, that it had never contributed to the Teamsters' Funds, and that the letter and demand gave no basis whatsoever for Skyland Leasing's withdrawal liability. Skyland Leasing did not avail itself of the formal review procedures expressly stated in the Rules and Regulations Pertaining to Employer Withdrawal Liability. The Funds responded with a letter asserting that the basis for Skyland Leasing's liability was the fall 1980 participation agreement signed by Keller. The Funds also advised Keller that any further questions regarding Skyland Leasing's withdrawal liability should be addressed to the Withdrawal Liability Review Committee. No further action was taken by Skyland Leasing or Keller either to challenge or comply with the demand.
 
 
 7
 On March 15, 1984, the Funds filed a suit in the United States District Court for the Western District of Michigan under the Employment Retirement Income Security Act of 1974, ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, MPPAA, to obtain withdrawal liability payments owed by the defendants to the Funds' multiemployer pension plan pursuant to 29 U.S.C. §§ 1381(a), 1382, and 1399(b).
 
 
 8
 The Funds filed for summary judgment, alleging that Skyland Leasing was an "employer" within the meaning of 29 U.S.C. § 1301(b), and therefore, Skyland Leasing and its individual partners, Keller and Van Dyke, were liable for the withdrawal liability. The Funds also claimed that, assuming Skyland Leasing was an "employer" under 29 U.S.C. § 1301(b), the defendants have waived any right to arbitration by failing to seek review within the prescribed time period. The Funds asserted that Skyland Leasing was part of a "commonly controlled entity" for notice and liability purposes; therefore, notice to either Skyland, Inc. or Skyland Leasing constituted notice to all of the entities within the control group. The Funds also contended that Skyland Leasing, et al.'s desire to mitigate their withdrawal liability under 29 U.S.C. § 1405 was a factual issue which could have been raised at arbitration, and therefore, may not now be contested.
 
 
 9
 Skyland Leasing, et al., also moved for Summary Judgment, raising various challenges to the constitutionality of the MPPAA. They contended that the Funds' failure to provide a fair and complete response to Skyland Leasing's inquiries concerning the basis for their withdrawal liability was a violation of their procedural due process rights. They also asserted that the notice and demand procedures used by the Funds deprived Skyland Leasing, et al., of fundamental fairness. Third, they alleged that imposition of withdrawal liability on commonly controlled entities and corporate officers constitutes a "taking" without just compensation in violation of the fifth amendment to the Constitution. Finally, they claimed that retroactive application of the MPPAA provisions, if interpreted by the district court to impose liability on unincorporated trades and businesses, constitutes a violation of Skyland Leasing, et al.'s fifth amendment due process rights.
 
 
 10
 The district court ruled that Skyland Leasing was an "employer" under the Act, 29 U.S.C. § 1301(b)(1). Central States, Southeast and Southwest Areas Pension Fund, et al., 691 F.Supp. 6, 12 (W.D.Mich.1987). The district court then determined that under the commonly controlled entity doctrine, notice to Skyland Leasing or to Skyland, Inc. was notice to the other entity; consequently, since Skyland Leasing and Keller and Van Dyke were aware of the Funds and Skyland, Inc.'s obligations to the Funds, they may be held liable for the withdrawal liability. Id., at 12-13 (citing IUE AFL-CIO Pension Fund v. Barker & Williamson, 788 F.2d 118, 127-128 (3d Cir.1986); 29 C.F.R. § 2644). The court found that Skyland Leasing, et al., were precluded from arbitrating the calculation of withdrawal liability by refusing to comply with that requirement within the statutory time limits, and that any question of mitigation under 29 U.S.C. § 1405 was a factual issue which should have been raised at arbitration, therefore, the court would not consider it. Id., at 14-15. The district court held that "while questions of pure statutory interpretation or constitutional challenges may not be subject to arbitration, defendants must raise such challenges in federal court prior to the expiration of the statutory period for arbitration or lose the right to raise factual challenges to both the amount of liability assessed and the method of calculating such liability in the event their statutory or constitutional challenges are unsuccessful." Id., at 14 (citing Barker & Williamson, 788 F.2d at 129-129). The district court also rejected the defendants' constitutional challenges to the MPPAA. Id., at 15-16 (citing Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211 (1986); Pension Benefit Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717 (1984)). Consequently, summary judgment for the Funds was awarded for their damages and interest, totalling $682,123.00, and Skyland Leasing's motion for summary judgment was denied.
 
 
 11
 We find no error in the district court's analysis. For that reason, we affirm the district court's grant of the Funds' motion for summary judgment and denial of Skyland Leasing, et al.'s motion for summary judgment.